UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

James B. Currier

    v.                                  Civil No. 06-cv-328-PB

Hillsborough County Department
of Corrections, et al.

**O R D E R**

Proceeding pro se, James Currier has filed this action[1] pursuant to 42 U.S.C. § 1983, against the Hillsborough County Department of Corrections ("HCDC") and employees of the Hillsborough County House of Corrections ("HCHC").[2] The complaint is before me for preliminary review to determine whether, among other things, it states any claim upon which

---

[1] Currier filed a Complaint (document no. 1) on September 5, 2006 and a Motion to Amend Complaint (document no. 15) containing additional defendants and claims on October 17, 2006. I will accept the amended complaint and consider the information contained in both documents, in the aggregate, as the complaint in this matter.

[2] Currier names the following individual defendants to this action: HCHC Superintendent James O'Mara, HCHC Officers Clement, Nelson, Torres, Sapienza, Sierra, Cooper, Archambault, Riley, Brown, Gardini, and Cunningham.

relief might be granted.[3]  See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule 4.3(d)(2). For the reasons stated in a Report and Recommendation issued simultaneously with this Order, and without further comment on the merits of the claims, I direct that the claims alleging excessive force and psychological harm proceed against all of the named individual defendants to this action, the claims alleging inadequate medical care and denial of access to the courts proceed against defendant O'Mara, the claims alleging retaliatory disciplinary action and a deprivation of the right to petition the government for a redress of grievances proceed against defendant Cooper and the endangerment claim proceed against defendant Gardini.[4]

---

[3]The defendants have already filed an answer, in response to being served a copy of the initial complaint with a motion for temporary restraining order filed by Currier. The answer is premature and I will not consider it in conducting this preliminary review.

[4]In the Report and Recommendation issued this date, I recommend that the claims alleging a denial of adequate mental health care and destruction of personal property, as well as defendant HCDC, be dismissed from this action.

2

My review of the file indicates that the plaintiff has submitted a summons form for the HCDC, but has not completed the necessary summons forms for any of the individually named defendants to this action.  The Clerk's Office is directed to forward twelve (12) blank summons forms to Currier.  Currier is ordered to complete, and return to the Clerk's Office, a separate summons form for each of the individual defendants named to this action within thirty (30) days of the date of this Order.  Upon receipt of those summons forms, I direct the Clerk's office to issue the summonses against the defendants.

I further direct the Clerk's office to forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document nos. 1 & 15), the Report and Recommendation issued this date, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon the defendants.  See Fed. R. Civ. P. 4(c)(2).

The defendants are instructed to answer or otherwise plead within twenty (20) days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

                                                /s/ James R. Muirhead
                                                James R. Muirhead
                                                United States Magistrate Judge

Date:     November 28, 2006

cc:       James B. Currier, pro se